United States District Court
District of Massachusetts

| | |
|---|---|
| DENNIS FLETCHER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>THOMAS DICKHAUT, as )<br>Superintendent of Souza )<br>Baranowski Correctional Center, )<br>)<br>Respondent. )<br>) | Civil No.<br>08-11392-NMG |

MEMORANDUM & ORDER

GORTON, J.

On November 16, 2011, this Court dismissed the habeas petition of Dennis Fletcher. Fletcher has since moved for a Certificate of Appealability which the Court now addresses.

I. Background

On October 11, 2002, a jury in the Massachusetts Superior Court for Middlesex County convicted Dennis Fletcher ("Fletcher") of breaking and entering and larceny. After a bench trial a few days later, he was found to be an habitual criminal, under M.G.L. c. 279, § 25 ("the habitual offender statute"), and sentenced to a term of between 10 and 20 years imprisonment. He is currently serving that sentence.

In his habeas petition, Fletcher challenged his conviction

-1-

on three grounds: 1) unconstitutional vagueness and evidentiary insufficiency of the habitual offender statute, M.G.L. c. 279, § 25 (Ground One), 2) denial of right to counsel (Ground Two) and 3) denial of due process (Ground Three). This Court rejected all three grounds for relief and dismissed his petition. Fletcher's motion for a Certificate of Appealability is opposed by the government.

## II. Legal Analysis

### A. Standard

Section 2253(c) of Title 28 of the United States Code provides that a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a "substantial showing," a petitioner seeking a Certificate of Appealability must demonstrate that

> reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). The debatable-among jurists-of-reason standard is a low barrier. A claim is considered "debatable" even if every reasonable jurist would agree that the petitioner will not prevail. Miller-El v. Cockrell, 537 U.S. 322, 338 (2003). The petitioner must, however, prove "something more than the absence of frivolity or

-2-

the existence of mere good faith." Id. When a habeas petition contains more than one potential ground for relief, a court must state which issues, if any, satisfy the standard set forth in § 2253(c)(2). 28 U.S.C. § 2253(c)(3).

B. **Application**

Fletcher is not entitled to a Certificate of Appealability on Grounds One and Three. With respect to Ground One, Fletcher's interpretation of the habitual offender statute has already been squarely rejected by the Massachusetts Supreme Judicial Court, whose construction is binding on the federal courts. With respect to Ground Three, it is beyond dispute that a court of appeals does not violate the Due Process Clause by discussing an appellant's claims in less detail than he would like. Reasonable jurists could not debate either of those rulings and thus petitioner's motion for a Certificate of Appealability with respect to those claims is denied.

Fletcher is, however, entitled to a Certificate of Appealability on Ground Two. Fletcher contends that he was denied his right to counsel during the habitual offender phase of his trial. This Court concluded otherwise, reasoning that his intelligent waiver of counsel before trial carried over to the habitual offender phase. The Court acknowledges that reasonable jurists could disagree with its determination and, therefore, petitioner's motion for a Certificate of Appealability with

respect to Ground Two is allowed.

## ORDER

In accordance with the foregoing, petitioner's motion for a Certificate of Appealability is, with respect to Ground Two, **ALLOWED**, but is, with respect to Grounds One and Three, **DENIED**. So ordered.

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated January 23, 2012